**Mark A. English**
**Deputy Yellowstone County Attorney**
**Yellowstone County Courthouse, Room 701**
**P.O. Box 35025**
**Billings, Montana 59107-5025**
**(406) 256-2870**
menglish@co.yellowstone.mt.gov

*Attorney for Yellowstone County, et al*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| ANNA SCHRAUDNER, | Cause No. CV18-108-BLG-SPW-TJC |
| Plaintiff, | |
| vs. | **YELLOWSTONE COUNTY DEFENDANTS' ANSWER TO COMPLAINT AND REQUEST FOR JURY TRIAL** |
| YELLOWSTONE COUNTY, *et al*, | |
| Defendants. | |

Pursuant to Rule 12(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, Yellowstone County, Michael Linder and Randy Nagel answer Anna Schraudner's complaint as follows:

### Jurisdiction and Venue

Yellowstone County, Linder and Nagel admit the allegations in paragraph 1.

Yellowstone County, Linder and Nagel admit the allegations in paragraph 2.

Yellowstone County, Linder and Nagel admit the allegations in paragraph 3.

## Parties

Yellowstone County, Linder and Nagel deny the allegations in paragraph 4. The County, Linder and Nagel do not have sufficient information to admit or deny the allegations. Thus, they deny the allegations.

Yellowstone County, Linder and Nagel admit the allegations in paragraph 5.

Yellowstone County, Linder and Nagel admit the allegations in paragraph 6.

Yellowstone County, Linder and Nagel admit the allegations in paragraph 7.

Yellowstone County, Linder and Nagel admit the allegations in paragraph 8.

Yellowstone County, Linder and Nagel admit the allegations in paragraph 9.

Yellowstone County, Linder and Nagel do not have to respond to the allegations in paragraph 10.

## Factual Allegations

Yellowstone County, Linder and Nagel admit the allegations in paragraph 11.

Yellowstone County, Linder and Nagel admit in part and deny in part the allegations in paragraph 12. They admit Schraudner has substance abuse and mental health issues and she has been prescribed quetiapine. They deny the other allegations.

Yellowstone County, Linder and Nagel admit in part and deny in part the allegations in paragraph 13. They admit Schraudner received medication for a mental disorder, lithium, and she periodically refused to take her medication. They deny the other allegations.

Yellowstone County, Linder and Nagel admit in part and deny in part the allegations in paragraph 14. They admit Schraudner displayed erratic behaviors in the Facility and on January 25, 2018, she broke a cup in her cell and had scratches on her arm. They deny the other allegations.

Yellowstone County, Linder and Nagel admit in part and deny in part the allegations in paragraph 15. They admit on January 28, 2018, staff at the Facility transported Schraudner to Booking, a mental health provider decided the staff should initiate the suicide prevention protocol with her and she became hostile. They deny the other allegations.

Yellowstone County, Linder and Nagel admit in part and deny in part the allegations in paragraph 16. They admit Nagel attempted to cajole/coax Schraudner to comply with the suicide prevention protocol and she continued to be hostile. They deny the other allegations.

Yellowstone County, Linder and Nagel admit in part and deny in part the allegations in paragraph 17. They admit Schraudner and Nagel stood. They deny the other allegations.

Yellowstone County, Linder and Nagel deny the allegations in paragraph 18.

Yellowstone County, Linder and Nagel admit in part and deny in part the allegations in paragraph 19. They admit Nagel and other staff members from the

Facility restrained Schraudner and her teeth were damaged during the restraint. They deny the other allegations.

Yellowstone County, Linder and Nagel admit in part and deny in part the allegations in paragraph 20. They admit staff removed Schraudner from the conference room, placed her in a restraint chair, placed the restraint chair in a holding cell and eventually transported her to the Billings Clinic. They deny the other allegations.

## COUNT ONE
### (42 U.S.C. § 1983)

Yellowstone County, Linder and Nagel replead their previous responses to the allegation in paragraph 21.

Yellowstone County, Linder and Nagel admit in part and deny in part the allegations in paragraph 22. They admit Nagel acted within the scope and course of his employment with the County as to his interaction with Schraudner. They deny the other allegations.

Yellowstone County, Linder and Nagel deny the allegations in paragraph 23.

Yellowstone County, Linder and Nagel deny the allegations in paragraph 24.

Yellowstone County, Linder and Nagel deny the allegations in paragraph 25.

Yellowstone County, Linder and Nagel deny the allegations in paragraph 26.

Yellowstone County, Linder and Nagel deny the allegations in paragraph 27.

Yellowstone County, Linder and Nagel deny the allegations in paragraph 28.

Yellowstone County, Linder and Nagel deny the allegations in paragraph 29.

## COUNT TWO
### (Negligence)

Yellowstone County, Linder and Nagel replead their previous responses to the allegation in paragraph 30.

Yellowstone County, Linder and Nagel admit the allegations in paragraph 31.

Yellowstone County, Linder and Nagel deny the allegations in paragraph 32.

Yellowstone County, Linder and Nagel deny the allegations in paragraph 33.

Yellowstone County, Linder and Nagel deny the allegations in paragraph 34.

## COUNT THREE
### (Assault)

Yellowstone County, Linder and Nagel replead their previous responses to the allegation in paragraph 35.

Yellowstone County, Linder and Nagel deny the allegations in paragraph 36.

Yellowstone County, Linder and Nagel deny the allegations in paragraph 37.

Yellowstone County, Linder and Nagel deny the allegations in paragraph 38.

Yellowstone County, Linder and Nagel deny the allegations in paragraph 39.

## COUNT FOUR
### (Battery)

Yellowstone County, Linder and Nagel replead their previous responses to the allegation in paragraph 40.

///

Yellowstone County, Linder and Nagel admit in part and deny in part the allegations contained in paragraph 41.  They admit Nagel had offensive contact with Schraudner.  Nagel was allowed to have offensive contact with her to restrain her.  Nagel was privileged to have offensive contact with her to restrain her.

Yellowstone County, Linder and Nagel admit in part and deny in part the allegations in paragraph 42.  They admit Schraudner injured her teeth during her restraint.  They deny the other allegations.

Yellowstone County, Linder and Nagel deny the allegations in paragraph 43.

Yellowstone County, Linder and Nagel admit in part and deny in part the allegations in paragraph 44.  They admit the County is responsible for the acts of its employees within the scope and course of their employment.  They deny the other allegations.

## Defenses

Yellowstone County, Michael Linder or Randy Nagel did not violate any of Anna Schraudner's rights under the United States Constitution.

A policy of Yellowstone County did not cause a violation of any of Anna Schraudner's rights under the United States Constitution.

Anna Schraudner did not plead with adequate specificity how a policy of Yellowstone County caused the alleged violation of her right against excessive use of force under the 8th Amendment of the United States Constitution.

Michael Linder had no personal involvement with the alleged excessive force used against Anna Schraudner.

There is no sufficient causal connection between Michael Linder's conduct and the alleged excessive force used against Anna Schraudner.

Anna Schraudner's claims against Michael Linder in his official capacity are duplicative of her claims against Yellowstone County.

Michael Linder is entitled to qualified immunity on the excessive use of force claim.

Anna Schraudner's claims against Randy Nagel in his official capacity are duplicative of her claims against Yellowstone County.

Randy Nagel is entitled to qualified immunity on the excessive use of force claim.

Yellowstone County, Michael Linder or Randy Nagel did not negligently harm Anna Schraudner.

The comparative negligence of Anna Schraudner caused the harm to her.

Michael Linder is entitled to state statutory immunity on the state claims.

Randy Nagel is entitled to state statutory immunity on the state claims.

Randy Nagel and the other guards were entitled to use force to restrain Anna Schraudner.

///

Any damages the jury accesses against Yellowstone County on the state claims are limited by state statute.

Yellowstone County, Michael Linder and Randy Nagel reserve the right to assert defenses as discovery or other information warrants.

## Prayer for Relief

Yellowstone County, Michael Linder and Randy Nagel request the Court:

1. find the County, Linder or Nagel did not violate any of Anna Schraudner's rights under the United States Constitution;

2. find the County, Linder or Nagel did not negligently harm Schraudner;

3. find the County, Linder or Nagel did not assault Schraudner;

4. find the County, Linder or Nagel did not batter Schraudner;

5. enter judgment in favor of the County, Linder and Nagel on all claims made by Schraudner;

6. award Yellowstone County its costs and attorney fees; and

7. grant whatever relief the Court deems appropriate under the circumstances.

## Request for a Jury Trial

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Yellowstone County, Michael Linder and Randy Nagel request a trial by jury.

///

///

Dated this 31st day of August, 2018.

/s/ Mark A. English
Mark A. English
Deputy Yellowstone County Attorney

## Certificate of Service

I certify that on the date below I served a copy of the attached Yellowstone County Defendants' Answer to Complaint and Request for Jury Trial on the following people by the following means:

  1,2   CM/ECF
\_\_\_\_\_Hand Delivery
\_\_\_\_\_Mail
\_\_\_\_\_Overnight Delivery Service
\_\_\_\_\_Fax
\_\_\_\_\_E-mail

1. Clerk, U.S. District Court

2. Colin Gerstner
   GERSTNER LAW PLLC
   2702 Montana Ave., Ste 201B
   P.O. Box 2359
   Billings, Montana 59103
   *Attorney for Anna Schraudner*

Dated this 31st day of August, 2018.

/s/ Mark A. English
Mark A. English
Deputy Yellowstone County Attorney