**Mark A. English**
**Deputy Yellowstone County Attorney**
**Yellowstone County Courthouse, Room 701**
**P.O. Box 35025**
**Billings, Montana 59107-5025**
**(406) 256-2870**
menglish@co.yellowstone.mt.gov

*Attorney for Yellowstone County, et al*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | | |
|---|---|---|
| ANNA SCHRAUDNER, | ) | |
| | ) | Cause No. CV 18-108-BLG-SPW-TJC |
| Plaintiff, | ) | |
| | ) | **YELLOWSTONE COUNTY** |
| vs. | ) | **AND RANDY NAGEL'S** |
| | ) | **PRELIMINARY PRETRIAL** |
| YELLOWSTONE COUNTY, *et al*, | ) | **STATEMENT** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pursuant to Rule 16.2(b)(1) of the United States District Court for the District of Montana, Yellowstone County and Randy Nagel submit the following preliminary pretrial statement.

**Facts**

Anna Schraudner was incarcerated in the Yellowstone County Detention Facility. Schraudner was serving a sentence from the City of Billings Municipal Court. Schraudner suffered from a bipolar disorder. Rene Brunner-Houser, a

psychiatrist with the mental health provider for the Facility, prescribed Schraudner lithium for her bipolar disorder. Schraudner only periodically took the lithium. Schraudner wanted quetiapine for her bipolar disorder. The Facility does not allow quetiapine in the Facility because of possible abuse by inmates. Lithium is an acceptable medication to treat a bipolar disorder. The Facility will not force an inmate to take medication. Schraudner had behavioral problems in the Facility.

On January 26, 2018, Schraudner broke a cup in her cell and threatened to use the cup to cut Debora Rindahl, a guard, if she entered the cell to remove the pieces of the broken cup. Rindahl summoned other guards who entered the cell and removed the pieces of broken cup. Mona Westermeyer, a guard, who entered the cell to remove the pieces of the broken cup, noticed scratches on Schraudner's arm and Schraudner told her that she was hearing voices. Westermeyer advised Rich Peters, a sergeant, about what she observed and heard. Peters requested a mental health evaluation based on what Westermeyer had observed and heard.

On January 28, 2018, Tara Sorenson, a licensed clinical professional counselor with the mental health provider in the Facility, performed a mental health evaluation of Schraudner. Sorenson determined the staff at the Facility should implement the suicide prevention protocol with Schraudner. Amy Tatro, a guard in the Facility, told Schraudner that the protocol would be implemented. Schraudner refused to cooperate. Tatro contacted Randy Nagel, a sergeant in the Facility, to cajole Schraudner to

cooperate. Nagel entered the conference room in Booking and talked to Schraudner about the implementation of the protocol. Schraudner became upset. Schraudner stood up. Nagel stood up. Nagel ordered Schraudner to turn around so he could handcuff her. Schraudner refused to turn around. Nagel reached to secure Schraudner. Schraudner twisted away from Nagel. Schraudner struck Nagel in the face with her right fist. Nagel directed Schraudner to the floor. Tatro, Janae Miller, and Brett Toland entered the room to assist Nagel restrain Schraudner. Miller and Toland are guards in the Facility. During the restraint, Schraudner damaged her teeth. In accordance with the Facility's policies, Nagel and the other guards placed Schraudner in a restraint chair to protect Schraudner and themselves. There is an audio video recording of what occurred. The recording is of fair quality, but shows what occurred. Chris Musgjerd, a licensed practical nurse with the physical health provider in the Facility, examined Schraudner in the restraint chair to determine whether she suffered any injuries from the restraint. Musgjerd determined that Schraudner damaged her teeth during the restraint. Jessica Marketon, a Deputy Yellowstone County Sheriff, investigated the assault on Nagel and transported Schraudner to the Billings Clinic for psychiatric and dental care. Schraudner spent several days in the Clinic.

On February 6, 2018, Schraudner returned to the Facility. While in the Facility, the City of Billings Municipal Court periodically furloughed her to receive dental care from Dr. James Patterson, a dentist.

On June 22, 2018, Schraudner discharged her sentence. The Facility released her.

## Jurisdiction and Venue

The Court has jurisdiction over the claims made in the complaint. In the complaint, Schraudner alleges Nagel violated her right against excessive use of force under the 8th Amendment of the United States Constitution. ECF No. 15, pp. 6-7, ¶¶ 20-24. A federal district court has original jurisdiction over all civil actions arising under the Constitution of the United States. 28 U.S.C. § 1331. A federal district court has original jurisdiction over civil rights actions. 28 U.S.C. § 1343. The Court has original jurisdiction over the claim Nagel violated Schraudner's right against excessive use of force under the United States Constitution. It is a constitutional and civil rights claim. A federal district court can exercise supplemental jurisdiction over pendant state claims. 28 U.S.C. § 1367(a). The Court has supplemental jurisdiction over the claims the County negligently harmed her, committed assault and committed battery. These are pendant state claims based on the same event as the alleged violation of the United States Constitution.

The United States District Court for the District of Montana is the proper venue for the case. In the complaint, Schraudner alleges the events occurred in Montana. Venue is proper in the judicial district where the event occurred. 28 U.S.C. § 1391(b)(2). The Billings Division of the United States District Court for the District

of Montana is the proper venue for the case. The proper division venue is the venue under Montana law. Rule 3.2(b) of the United States District Court for the District of Montana. One of the proper venues for a tort in Montana is the county in which the tort was committed. § 25-2-122(1)(b), MCA.

Schraudner, the County and Nagel consented to the magistrate judge to preside over the case. 28 U.S.C. §636(c); Rule 73, Fed.R.Civ.P.

### Defense Facts

Schraudner was an inmate at the Yellowstone County Detention Facility. The mental health provider at the Facility decided the staff at the Facility should initiate the suicide prevention protocol with Schraudner. Schraudner refused to cooperate with the implementation of the protocol. The staff at the Facility contacted Nagel to persuade Schraudner to cooperate. Nagel sat down with Schraudner and discussed the implementation of the protocol. Schraudner became hostile. Schraudner stood up. Nagel stood up. Schraudner punched Nagel in the face with her fist. Nagel wrestled Schraudner to the floor. Other guards entered the room and along with Nagel, restrained Schraudner. Nagel and the other guards placed Schraudner in a restraint chair.

### Defense Theories
**Yellowstone County**

Nagel did not negligently cause harm to Schraudner. Nagel did not breach a duty of care to Schraudner. Nagel could use the force he used against Schraudner in

self-defense and to maintain order in the Facility. *Fisher v. Swift Transp. Co.*, 2008 MT 105, ¶¶ 16-17, 342 Mont. 335, 339–40, 181 P.3d 601, 606–07; Restatement (Second) of Torts § 63 (1965)(self-defense); §49-1-103, MCA(self-defense); Restatement (Second) of Torts § 10 (1965)(privilege); §27-1-722, MCA(immune from damages for legal use of force); 72 C.J.S. Prisons § 58, Use of force against prisoners; *See Hudson v. McMillian*, 503 U.S. 1, 6–7, 112 S. Ct. 995, 998–99, 117 L. Ed. 2d 156 (1992).

Nagel did not assault Schraudner. Nagel did not threaten Schraudner with harm. To the extent the actions of Nagel could be construed to be a threat against Schraudner, he could threaten the use of force in self-defense and to maintain order in the Facility. *Saucier ex rel. Mallory v. McDonald's Restaurants of Mont., Inc.*, 2008 MT 63, ¶ 62, 342 Mont. 29, 47, 179 P.3d 481, 494; Restatement (Second) of Torts § 21 (1965)(assault); Restatement (Second) of Torts § 63 (1965)(self-defense); §49-1-103, MCA(self-defense); Restatement (Second) of Torts § 76 (1965)(defense of others); Restatement (Second) of Torts § 10 (1965)(privilege); §27-1-722, MCA(immune from damages for legal use of force); 72 C.J.S. Prisons § 58, Use of force against prisoners; *See Hudson v. McMillian*, 503 U.S. 1, 6–7, 112 S. Ct. 995, 998–99, 117 L. Ed. 2d 156 (1992).

Nagel did batter Schraudner. Nagel had a privilege to use reasonable force against Schraudner. Nagel could use the force he used against Schraudner in self-

defense and to maintain order in the Facility. *Mallory v. McDonald's Restaurants of Mont., Inc.*, 2008 MT 63, ¶ 62, 342 Mont. 29, 47, 179 P.3d 481, 494; Restatement (Second) of Torts § 13 (1965)(battery); Restatement (Second) of Torts § 63 (1965)(self-defense); §49-1-103, MCA(self-defense); Restatement (Second) of Torts § 10 (1965)(privilege); §27-1-722, MCA(immune from damages for legal use of force); 72 C.J.S. Prisons § 58, Use of force against prisoners; *See Hudson v. McMillian*, 503 U.S. 1, 6–7, 112 S. Ct. 995, 998–99, 117 L. Ed. 2d 156 (1992).

Under the doctrine of *respondeat superior*, the County is responsible for the conduct of Nagel as to the state tort claims.

It is difficult to reconcile the negligence claim with the assault and battery claims. The negligence claim requires Nagel to act unintentionally. The assault and battery claims required Nagel to act intentionally. It does not seem Nagel could have negligently intentionally used excessive force. Schraudner either has a negligence claim or assault and battery claims, not both. *See Ryan v. Napier*, 245 Ariz. 54, 425 P.3d 230, 235–38 (2018).

**Randy Nagel**

Nagel did not use excessive force against Schraudner. Nagel did not strike Schraudner. Schraudner struck Nagel. Nagel used reasonable force to restrain Schraudner. Nagel was allowed to use reasonable force to restrain Schraudner. A guard may use force against an inmate necessary to maintain or restore order in a

facility. A guard may not use force against an inmate to maliciously or sadistically cause harm to the inmate. *See Hudson v. McMillian*, 503 U.S. 1, 6–7, 112 S. Ct. 995, 998–99, 117 L. Ed. 2d 156 (1992).

Nagel did not violate Schraudner's right against excessive use of force. It was reasonable for Nagel to believe the force he used against Schraudner would not violate her right against excessive use of force. Nagel is entitled to qualified immunity. *See Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009); *Saucier v. Katz*, 533 U.S. 194, 121 S. Ct. 2151,150 L. Ed. 2d 272 (2001); *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982).

## Computation of Damages

The computation of damages is not applicable to the County or Nagel.

## Other Related Cases

The County and Nagel are aware of a pending criminal investigation against Schraudner that may result in a criminal prosecution in state court.

## Stipulations and Applicable Law

There are no additional stipulations of fact besides those in the Statement of Stipulated Facts. The applicable law is the 8th Amendment of the United States Constitution, the cases that interpret the right against unreasonable use of force under the 8th Amendment of the United States Constitution, 42 U.S.C. §1983 and its related

statutes, the cases that interpret §1983 and its related statutes, Montana law on negligence, Montana law on assault and Montana law on battery.

### Deadlines for Joinder and Amendment to the Pleadings

The County and Nagel propose the Court set the deadline to join parties or amend the pleadings a month after the preliminary pretrial conference.

### Controlling Issues of Law Suitable for Pretrial Disposition

A controlling issue of law suitable for pretrial disposition is whether Nagel is entitled to qualified immunity.

### People with Relevant Information

Anna Schraudner – An inmate in the Yellowstone County Detention Facility. She struck Randy Nagel, a sergeant in the Facility, in the face with her fist. Nagel and other guards restrained her and placed her in a restraint chair. During the restraint, Schraudner damaged her teeth. She alleged Nagel struck her in the face with his fist.

Debora Rindahl – A guard in the Yellowstone County Detention Facility. Schraudner threatened to assault her with a broken cup. She summoned other guards to remove the pieces of the broken cup from Schraudner's cell.

Mona Westermeyer – A guard in the Yellowstone County Detention facility. She observed scratches on Schraudner's arms and Schraudner told her that she was hearing voices. She reported what she had seen and heard to Rich Peters, a sergeant in the Facility.

Rich Peters – A sergeant in the Yellowstone County Detention Facility. He requested a mental health evaluation of Schraudner based on what Westermeyer told him.

Tara Sorenson – A licensed clinical professional counselor with the contract mental health provider for the Yellowstone County Detention Facility. She evaluated Schraudner. She determined the Facility should implement the suicide prevention protocol with Schraudner. Schraudner threatened to physically harm Sorenson because of her recommendation.

Janae Miller – A guard in the Yellowstone County Detention Facility. She saw Schraudner become hostile with Sorenson when Sorenson advised Schraudner that the suicide prevention protocol should be implemented with her. Sorenson told her the suicide prevention protocol should be implemented with Schraudner. She saw Nagel attempt to convince Schraudner to cooperate with the implementation of the protocol. She saw Schraudner become upset. She did not see Schraudner punch Nagel in the face with her fist. Her view was obstructed. She and other guards restrained Schraudner and placed her in a restraint chair. During the restraint, Schraudner damaged her teeth.

Amy Tatro – A guard in the Yellowstone County Detention Facility. She attempted to convince Schraudner to cooperate with the implementation of the suicide prevention protocol. Schraudner refused to cooperate. She contacted Randy Nagel, a

sergeant with the Facility, to have him convince Schraudner to cooperate. She saw Nagel attempt to convince Schraudner to cooperate. She saw Schraudner become upset. She saw Schraudner punch Nagel in the face with her fist. She and other guards restrained Schraudner and placed her in a restraint chair. During the restraint, Schraudner damaged her teeth.

Randy Nagel – A sergeant in the Yellowstone County Detention Facility. Tatro summoned him to convince Schraudner to cooperate with the implementation of the suicide prevention protocol with her. He talked to Schraudner about the implementation of the protocol. Schraudner became upset. Schraudner threatened to strike Nagel in the face. Schraudner punched him in the face with her fist. He and other guards restrained Schraudner and placed her in a restraint chair. During the restraint, Schraudner damaged her teeth. He decided Schraudner needed to be transported to the Billings Clinic for psychiatric and dental care.

Brett Toland – A guard in the Yellowstone County Detention Facility. He saw Randy Nagel, a sergeant in the Facility, attempt to convince Schraudner to cooperate with the implementation of the suicide prevention protocol. He saw Schraudner become upset. He heard Schraudner threaten to punch Nagel in the face. He saw Schraudner punch Nagel in the face with a fist. He along with other guards restrained Schraudner and placed her in a restraint chair. During the restraint, Schraudner damaged her teeth.

Chris Musgjerd – A licensed practical nurse with the contract physical health provider for the Yellowstone County Detention Facility. He examined Schraudner for injuries after the guards had restrained her and placed her in a restraint chair. He determined that Schraudner had not suffered any serious injuries, but her teeth had been damaged.

Jessica Marketon – A Deputy Yellowstone County Sheriff. She investigated the assault by Schraudner against Nagel. She took a statement from Nagel. She did not take a statement from Schraudner. Schraudner refused to provide a statement. She took photographs of Nagel. She took photographs of Schraudner. She transported Schraudner to the Billings Clinic.

Rene Brunner-Houser – A psychiatrist with the contract mental health provider for the Yellowstone County Detention Facility. She prescribed lithium for Schraudner for her bipolar disorder. She did not prescribe quetiapine for Schraudner. Quetiapine is not provided to inmates in the Facility because of its potential for abuse. Lithium is a regularly prescribed drug to treat a bipolar disorder.

Whitney Gum – An emergency room doctor at the Billings Clinic. She evaluated Schraudner's physical condition upon presentation at the Clinic. She determined she had no serious injuries, but did have damage to her teeth. She provided pain medication for the damage to the teeth. The Clinic does not provide dental care.

///

Patricia Wilson – A nurse practitioner with the Billings Clinic. She evaluated Schraudner's mental condition upon presentation at the Clinic. She determined Schraudner suffered from a mental disorder and needed treatment. She suffered from a bipolar disorder and was suicidal. She recommended the admission of Schraudner to the Clinic for her bipolar disorder.

Elizabeth Walter – A psychiatrist with the Billings Clinic. She treated Schraudner for her bipolar disorder while admitted to the Clinic. She prescribed quetiapine for Schraudner for her bipolar disorder. She did not prescribe lithium for Schraudner.

James Patterson – A dentist who treated Schraudner. Municipal Court furloughed Schraudner from the Facility to allow Dr. Patterson to provide her with dental care. Her mother would take her back and forth from the Facility to allow Dr. Patterson to provide her with dental care.

## Insurance Coverage

The Montana Association of Counties Property & Casualty Trust Property and Casualty Self-Insurance Pool provides the County with liability insurance. The County provided a copy of its insurance policy to Schraudner with its initial disclosures. Nagel is an official of the County. Nagel acted in the course and scope of his employment with the County when he interacted with Schraudner. Because Nagel

acted within the course and scope of his employment with the County when he interacted with Schraudner, the County will defend and indemnify him.

### Settlement Discussions

The County and Nagel have not held settlement discussions. The County and Nagel believe a remote possibility exists to resolve the case.

### Suitability of Special Procedures

The County and Nagel are receptive to any special procedures the Court believes appropriate.

Dated this 29th day of November, 2018.

/s/ Mark A. English
Mark A. English
Deputy Yellowstone County Attorney

## Certificate of Service

I certify that on the date below I served a copy of the attached Yellowstone County and Randy Nagel's Preliminary Pretrial Statement on the following people by the following means:

 1,2   CM/ECF
\_\_\_\_\_Hand Delivery
\_\_\_\_\_Mail
\_\_\_\_\_Overnight Delivery Service
\_\_\_\_\_Fax
\_\_\_\_\_E-mail

1. Clerk, U.S. District Court

2. Colin Gerstner
   GERSTNER LAW PLLC
   2702 Montana Ave., Ste 201B
   P.O. Box 2359
   Billings, Montana 59103
   *Attorney for Anna Schraudner*

Dated this 29th day of November, 2018.

/s/ Mark A. English
Mark A. English
Deputy Yellowstone County Attorney