Colin Gerstner
GERSTNER LAW PLLC
2702 Montana Ave., Ste 201B
P.O. Box 2359
Billings, Montana 59103
Telephone: (406) 969-3100
Email: colin@gerstnerlawoffice.com

*Attorney for the Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| ANNA SCHRAUDNER, | |
| Plaintiff, | Cause No. CV 18-108-BLG-TJC |
| v. | **PLAINTIFF'S PRELIMINARY PRETRIAL STATEMENT** |
| YELLOWSTONE COUNTY; SERGEANT RANDY NAGEL; and JOHN DOES 1-10, | |
| Defendants. | |

Plaintiff Anna Schraudner, by and through her attorney of record, and pursuant to Local Rule 16.2(b)(1), submits the following preliminary pretrial statement.

## A.    Brief Factual Outline of the Case:

On January 12, 2018, Schraudner was sentenced to serve 180 days at the Yellowstone County Detention Facility ("YCDF") after the City of Billings

Municipal Court revoked her probation on two misdemeanor sentences. Schraudner suffers from significant mental health issues, and YCDF refused to give Schraudner her prescribed medication of Quetiapine. Instead, the staff at YCDF only gave her Lithium. Schraudner believed it was not helping, so she stopped taking medication for her mental illness altogether. Likely due to being unmedicated, Schraudner began hearing voices and acting erratically.

Schraudner began exhibiting signs of self-harm. On January 28, 2018, staff at YCDF arranged a meeting with Schraudner and a mental health professional. The meeting took place in a conference room in the booking area at YCDF. The therapist believed that Schraudner expressed suicidal ideation and a desire for self-harm and recommended that she be placed in a "suicide suit." Schraudner became very hostile upon being told that she would be forced to wear the suicide suit.

The mental health professional left the room, and YCDF staff asked Sergeant Randy Nagel to come help with Schraudner. A video recording captured the interaction between Sergeant Nagel and Schraudner. Schraudner became increasingly agitated and spoke to Sergeant Nagel in a belligerent tone. Meanwhile, three other members of YCDF staff were outside of the booking area casually talking among themselves and not paying close attention to the escalating situation.

Eventually, Schraudner stood up from her chair and yelled at Sergeant Nagel. Sergeant Nagel approached Schraudner and punched her in the face with his right hand. Sergeant Nagel is much larger than Schraudner, and his punch immediately dropped Schraudner to the floor with Sergeant Nagel landing on top of her. After Sergeant Nagel punched Schraudner, the other YCDF staff members rushed into the room and restrained Schraudner. While she was crying with blood dripping out of her mouth, YCDF staff dragged Schraudner to a different room and strapped her into the restraint chair. The video does not support the Defendants' claim that Schraudner struck Sergeant Nagel first. All the video shows is Sergeant Nagel delivering a blow to the left side of Schraudner's face, and Schraudner's subsequent collapse to the ground.

Schraudner lost two teeth and sustained significant damage to two other teeth due to either Sergeant Nagel's punch or from her face being thrust into the floor. Schraudner was eventually transferred that night to the Billings Clinic, where she remained for the next seven days to receive the appropriate mental health treatment. Schraudner eventually received dental treatment for her damaged teeth, and her dentist has devised a plan for a permanent repair for the missing teeth.

**B.     Basis for Federal Jurisdiction and for Venue in Division:**

This Court has jurisdiction pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1331, as some of the claims arise under the Constitution and laws of the United States.  The Court also has jurisdiction under 28 U.S.C. § 1343, as Schraudner seeks redress for the deprivation (under color of state law, statute, ordinance, regulation, custom, or usage) of her rights, privileges, and immunities secured by the Constitution of the United States and/or Acts of Congress.  Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Schraudner's state law claims as they are so related to the claims in the action within the original jurisdiction that they form part of the same case or controversy.

Venue is proper in this Court because the acts and omissions alleged herein occurred within Yellowstone County, Montana.  In addition, Sergeant Nagel is a resident of Yellowstone County.

**C.     Factual Basis of Each Claim**

**1.     Count 1 – Claim under 42 U.S.C. § 1983 against Sergeant Nagel**

At all times, Sergeant Nagel under color of law, statutes, ordinances, rules, regulations, and customs, practices, and/or usages of YCDF and the Yellowstone County Sheriff's Office.  He violated Schraudner's right against excessive force under the Eighth Amendment under the United States Constitution when he punched Schraudner.  Sergeant Nagel does not enjoy qualified immunity for his

4

action, as punching an inmate is clear violation of the U.S. and Montana

Constitutions.

### 2.    Count 2 – Negligence against Yellowstone County

Count 2 is a state law-based negligence claim against Yellowstone County.

At all times, Sergeant Nagel was acting in the course and scope of his employment

with Yellowstone County when he committed the wrongful acts.  Yellowstone

County's liability extends to Sergeant Nagel's excessive use of force, negligent

training and supervision, negligent enforcement of its own policies and procedures,

and negligence performance of official duties.

### 3.    Count 3 – Assault against Yellowstone County

Count 3 is a state law-based assault claim against Yellowstone County.

Sergeant Nagel assaulted Schraudner by intentionally threatening harmful or

offensive contact against Schraudner under circumstances which created a well-

founded fear that Defendant Nagel intended to cause her to suffer serious bodily

injury.  In addition, Sergeant Nagel acted with actual malice as defined under

Mont. Code Ann. § 27-1-221.  Sergeant Nagel was acting in the course and scope

of his employment with Yellowstone County when he assaulted Schraudner.

Accordingly, under §§ 2-9-305(2), (5), MCA, Yellowstone County must defend

and indemnify Sergeant Nagel for any judgment against him.

4.      **Count 4 – Battery against Yellowstone County**

Count 4 is a state law-based battery claim against Yellowstone County.

Sergeant Nagel intentionally created offensive contact with Schraudner.  In

addition, Sergeant Nagel acted with actual malice as defined under Mont. Code

Ann. § 27-1-221.  Sergeant Nagel was acting in the course and scope of his

employment with Yellowstone County when he assaulted Schraudner.

Accordingly, under §§ 2-9-305(2), (5), MCA, Yellowstone County must defend

and indemnify Sergeant Nagel for any judgment against him.

**D.      Legal Theory of Each Claim**

1.      **Count 1 – Claim under 42 U.S.C. § 1983 against Sergeant Nagel**

Excessive force claims against convicted prisoners are analyzed under the

Eighth Amendment of the U.S. Constitution.  *Graham v. Connor*, 490 U.S. 386,

394 (1989).  The Eighth Amendment guarantees the "right to be free from cruel

and unusual punishment, including physical abuse by guards."  *Moore v. Thomas*,

653 F. Supp. 2d 984, 997 (N.D. Cal. 2009).  An excessive force claim under the

Eighth Amendment "ultimately turns on whether force was applied in a good faith

effort to maintain or restore discipline or maliciously and sadistically for the very

purpose of causing harm."  *Rodriguez v. Cnty. of L.A.*, 891 F.3d 776, 795 (9th Cir.

2018) (quoting *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)).  "More than *de*

*minimis* force applied for no good faith law enforcement purpose violates the Eighth Amendment." *Id*. at 797.

Schraudner brings her claim for the Eighth Amendment violation under 42 U.S.C. § 1983. Section 1983 provides a cause of action against any person who acts under color of law and deprives another person "any rights, privileges, or immunities secured by the Constitution and laws." Section 1983 does not provide substantive rights, but rather provides a procedural vehicle for redress of Constitutional violations. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1164 (9th Cir. 2005).

### 2.    Count 2 – Negligence against Yellowstone County

To prevail on a negligence claim under Montana law, Schraudner must prove four elements: (1) the defendant owed the plaintiff a legal duty, (2) the defendant breached that duty, (3) the breach was cause of an injury to the plaintiff, and (4) damages resulted. *Peterson v. Eichhorn*, 189 P.3d 615, 621 (Mont. 2008). Yellowstone County is responsible for its own negligence and any negligence committed by Sergeant Nagel in the course and scope of his employment. Mont. Code Ann. §§ 2-9-305(2), (5).

### 3.    Count 3 – Assault against Yellowstone County

To prevail on an assault claim under Montana law, Schraudner must prove (1) an intentional threat of harmful or offensive contact with another by force

under circumstances which create a well-founded fear of such contact; and (2) the apparent present ability to carry out the threat. *Saucier v. McDonald's Rests. of Mont., Inc.*, 179 P.3d 481, 494 (Mont. 2008). Yellowstone County is responsible for any assault committed by Sergeant Nagel in the course and scope of his employment. Mont. Code Ann. §§ 2-9-305(2), (5).

### 4.   Count 4 – Battery against Yellowstone County

To prevail on a battery claim under Montana law, Schraudner must prove (1) an intention to cause a harmful or offensive contact with another, or an imminent apprehension of such a contact, and (2) a harmful contact directly or indirectly results. *Point Serv. Corp. v. Myers*, 125 P.3d 1107, 1112 (Mont. 2005). Yellowstone County is responsible for any battery committed by Sergeant Nagel in the course and scope of his employment. Mont. Code Ann. §§ 2-9-305(2), (5).

### E.   Computation of Damages:

Schraudner is seeking the following damages:

1.  Payment of her past medical bills, including dental bills. Billing statements have been provided to the Defendants.

2.  Payment of future medical bills to repair damage done to her teeth. A repair estimate has been provided to the defendants.

8

3. General damages for emotional and mental anguish and distress, and physical pain and suffering, caused by the Defendants in an amount to be determined by the jury.

4. Punitive damages in an amount to be determined by the jury.

5. Reasonable attorney fees and costs of suit.

**F. Pendency or Disposition of any Related State or Federal Litigation:**

Schraudner is unaware of any related litigation, though she has recently been made aware of possible criminal charges.  After the incident, Sergeant Nagel requested that Schraudner be charged for assault on a peace officer.  The Yellowstone County Attorney's Office correctly declined to prosecute Schraudner on the basis that it could not prove that Schraudner assaulted Sergeant Nagel. Now, likely because Schraudner filed this action, the County is reconsidering whether to criminally charge Schraudner with assault.

**G. Proposed Additional Stipulations of Fact:**

Schraudner has no proposed additional stipulations of fact other than what the parties have submitted in their Statement of Stipulated Facts.

**H. Proposed Deadlines relating to Joinder/Amendment:**

Schraudner proposes a deadline of May 1, 2018.

**I.    Identification of Controlling Issues of Law suitable for Pretrial Disposition:**

The parties may present the issue of whether Sergeant Nagel is entitled to qualified immunity on summary judgment motions.

**J.    Witnesses:**

The following individuals are known by Plaintiff to be likely to have discoverable information relevant to the disputed facts alleged with particularity in the pleadings. The following individuals are also disclosed in Plaintiff's Rule 26(a)(1) Initial Disclosure:

1.  Anna Schraudner, c/o Gerstner Law PLLC – Ms. Schraudner is the plaintiff in this matter and has knowledge of the allegations in the Amended Complaint and her subsequent damages.

2.  Sergeant Randy Nagel, c/o Yellowstone County Attorney's Office – Sergeant Nagel is a defendant and has knowledge of the allegations in the Amended Complaint.

3.  Officer Amy Tatro, c/o Yellowstone County Attorney's Office – Officer Tatro works at YCDF and was at the scene of the incident described in the Amended Complaint.

4.  Officer Janae Miller, c/o Yellowstone County Attorney's Office – Officer Miller works at YCDF and was at the scene of the incident described in the Amended Complaint.

10

5.  Officer Bret Toland, c/o Yellowstone County Attorney's Office – Officer Toland works at YCDF and was at the scene of the incident described in the Amended Complaint.

6.  Tara Sorenson – Ms. Sorenson is the mental health professional that met with Schraudner in the booking area at YCDF.

7.  Nurse Musgjerd (first name unknown), c/o Yellowstone County Attorney's Office – It is believed that nurse Musgjerd is an employee of Yellowstone County and works at YCDF.  Musgjerd examined Schraudner after YCDF staff placed her in the restraint chair.

8.  Staff at Billings Clinic – Schraudner was taken to Billings Clinic after the incident.

9.  Dr. James Patterson, Billings, MT – Schraudner saw Dr. Patterson on March 5, 2018.  Municipal Judge Kolar granted Schraudner furlough to visit Dr. Patterson due to her missing teeth and continuing dental pain. Dr. Patterson treated Schraudner and provided an estimated cost for Schraudner's dental repairs.

10. Yellowstone County Sheriff's Deputy Jessica Marketon, c/o Yellowstone County Attorney's Office – Deputy Marketon investigated the incident and took a recorded statement from Sergeant Nagel.

11. Other staff members at YCDF – Schraudner believes that other employees of Yellowstone County may have discoverable information. She is not specifically aware any other individuals, but other people may be identified as discovery progresses.

**K.      Substance of any Insurance Agreements:**

Schraudner understands that the Defendants are insured by a policy issued by the Montana Association of Counties Property & Casualty Trust Property and Casualty Self-Insurance Pool.

**L.      Status of Settlement Discussions/Prospect for Compromise:**

The parties have not engaged in settlement discussions.  Schraudner would be amenable to mediation.

**M.      Suitability of Special Procedures:**

Schraudner is unaware of any issues that will require special procedures.


DATED this 29th day of November, 2018.

                              GERSTNER LAW PLLC


                              /s/ Colin Gerstner
                              Colin Gerstner
                              Attorney for the Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 29, 2018, a copy of the foregoing was served upon the following by the following means:

| | | | |
|---|---|---|---|
| **1, 2** | **CM/ECF filing** | _____ | **Overnight Delivery Service** |
| _____ | **Hand Delivery** | _____ | **Facsimile** |
| _____ | **U.S. Mail** | _____ | **E-mail** |

1.    Clerk of Court

2.    Mark English
       Deputy Yellowstone County Attorney
       Yellowstone County Courthouse, Room 701
       P.O. Box 35025
       Billings, MT 59107-5025
       menglish@co.yellowstone.mt.gov


                                   GERSTNER LAW PLLC


                                   /s/ Colin Gerstner
                                   Colin Gerstner
                                   Attorney for the Plaintiff

13